IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL J. CURRY,** | : | |
| Petitioner | : | CIVIL NO. 1:CV-14-0756 |
| v. | : | **(Judge Rambo)** |
| **J. L. THOMAS,** | : | |
| Respondent | : | |

## **M E M O R A N D U M**

Petitioner Daniel J. Curry, an inmate currently incarcerated at the United States Penitentiary at Allenwood ("USP-Allenwood") in White Deer, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 5, 2013,[1] seeking an order compelling Respondent to place him in a residential re-entry center ("RRC") for the maximum time permissible in the remainder of his sentence, in accordance with an incentive provision in the Second Chance Act of 2007. (Doc. 1.) For the reasons that follow, the petition will be denied.

---

[1] Plaintiff initially filed his habeas petition in the Southern District of Indiana, where he was incarcerated at the time. (*See* Doc. 1.) On April 17, 2014, due to Plaintiff's transfer to the Middle District of Pennsylvania, the Indiana court transferred this matter to this court. (*See* Doc. 17.)

**I.     Background**

Petitioner arrived at USP-Allenwood on March 11, 2014, and has been assigned to Case Manager Randy Arnold. (Doc. 25-2 at 1, Ex. 1, R. Arnold Decl.) On July 16, 2014, Mr. Arnold conducted a search of Petitioner's inmate records and determined that he has not yet been considered for RRC placement. (*Id*. at 2.) In addition, Mr. Arnold learned that Petitioner's projected release date via good conduct time is April 11, 2016. (*Id*. at 4.) As a result, Mr. Arnold asserts that Petitioner is not eligible for consideration of RRC placement until the fall of 2014. (*Id*.)

On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-199, Title II, § 251, 122 Stat. 657, 692 ("Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624, was signed into law. The Second Chance Act increases the duration of pre-release placement in an RRC from six (6) to twelve (12) months and requires the Bureau of Prisons ("BOP") to make an individual determination that ensures that the placement be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C). (Apr. 9, 2008). Thereafter, the BOP issued two guidance memoranda, dated April 14, 2008, (Doc. 25-2), and November 14, 2008, both of which required approval from the Regional

2

Director for RRC placements of longer than six (6) months.  The interim regulations that passed on October 21, 2008 state that "[i]nmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months."  28 C.F.R. § 570.21(a).  Moreover, "[i]nmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. § 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part."  28 C.F.R. § 570.22 (Oct. 21, 2008).

Recommendations for RRC placement are ordinarily reviewed with the inmate and Unit Team seventeen (17) to nineteen (19) months prior to the inmate's probable release date.  (Doc. 25-2 at 4.)  In addition, the Warden of the inmate's institution has final authority on whether to refer an inmate to the Community Corrections Manager, which usually occurs eleven (11) to thirteen (13) months prior to the inmate's probably release date.  (Doc. 25-2, Ex. 3, BOP Program Statement 7310.04, *Community Corrections Center Utilization and Transfer Procedures*.)  Each inmate recommendation and referral is conducted by staff with the understanding that inmates are entitled to a maximum RRC placement of twelve (12) months, but that specific

RRC placement recommendations should be based on an individualized assessment of a particular inmate's needs for services, public safety, and the necessity of the BOP to manage its inmate population responsibly. (Doc. 25-2 at 3) (citing BOP Program Statement 7310.04).

On June 24, 2010, the BOP issued a revised guidance memorandum to its staff which prescribed policies for RRC placements. *See Wilson v. Strada*, Civ. No. 3:11-CV-1690, 2011 WL 6369787, at * 3 (M.D. Pa. Dec. 16, 2011) (citing June 24, 2010 Guidance Memo). This policy guidance underscores for prison staff that all inmates are, by law, eligible for up to twelve (12) months pre-release RRC placement. (*Id*.) While the memo acknowledges that not all inmates may be appropriate for RRC placement, it further notes that with respect to those inmates who may appropriately be placed in an RRC setting, the length of the RRC placement must be determined on an individual basis. (*Id*.)

When assessing an inmate for RRC recommendation, the Unit Team considers the criteria set forth in 18 U.S.C. § 3621(b), including the inmate's need for services, public safety, the necessity of the prison to manage its inmate population responsibly, and any other pertinent information that will assist in rendering a decision. (Doc. 25-2 at 3.) In every instance, the goal of the statute and policy is to provide each inmate

with an RRC placement of a sufficient duration to provide the greatest likelihood of successful reintegration into the community, while ensuring the safety of the public. (*Id*.)  Further, the Unit Team must review the resources of the facility contemplated, the nature and circumstances of the inmate's offense, the history and characteristics of the inmate, any statement of the court that imposed the sentence, and any pertinent policy statement issued by the U.S. Sentencing Commission.  (*Id*.)  The inmate's institutional conduct and programming are also an important part of this assessment process, and are considered to determine whether additional RRC time is warranted as an incentive for positive behavior by the inmate under 42 U.S.C. § 17541.  *See Wilson*, 2011 WL 6369787, at *4 (citing 42 U.S.C. § 17541).

In the instant case, Petitioner is currently scheduled for release via good conduct time on April 11, 2016.  (Doc. 25-2 at 4.)  Respondent asserts that, because of his scheduled release date, Petitioner is not eligible for review for RRC placement until the fall of 2014, and thus, a decision on RRC placement has not yet occurred in his case.  (*Id*.)  In addition, Respondent notes that, once a RRC placement decision is made, if Petitioner is dissatisfied with the decision, he can file a grievance in accordance with the BOP's Program Statement 1330.18, *Administrative Remedy Program*, and 28 C.F.R. § 542.10, *et seq*.  (*See* Doc. 25-2 at 4.)

## II. **Discussion**

As set forth above, Petitioner has not yet received a decision from the Warden as to his Unit Team's RRC recommendation. Therefore, Petitioner's habeas petition is procedurally flawed. Specifically, Petitioner's claim is not yet ripe for adjudication because the BOP has not yet made an RRC placement decision in his case. The court cannot address a petitioner's concerns without the existence of some genuine, currently justiciable case or controversy between the parties to litigation. Thus, a ripe dispute is an essential prerequisite to any exercise of judicial authority. As this court has observed,

> "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 37, 96 S. Ct. 1917, 48 L. Ed. 2d 450 (1976). Standing provides "justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2130, 119 L. Ed. 2d 343 (1975). The Supreme Court has described three elements that comprise the "irreducable constitutional minimum of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). A plaintiff must first "have suffered an 'injury in fact' - an invasion of a legally protected interest which is (a) concrete and particularized [citations omitted] and (b) 'actual or imminent, not 'conjectural or hypothetical.'" *Id.* (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983)). Next, the injury suffered by the plaintiff must by casually connected to

> the conduct of which the plaintiff complains: "the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court.'" *Id*. (quoting *Simon*, 426 U.S. at 41-42). Finally, "it must be 'likely' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id*.

*Griffin v. Holt*, Civ. No. 3:08-CV-1028, 2008 WL 5348138, at *2 (M.D. Pa. Dec. 17, 2008).

In this case, Petitioner claims that he has been unlawfully denied access to the release program. Apparently, however, the government has yet to make that decision. Therefore, because a final RRC placement decision had not been made at the time Petitioner filed his habeas petition, it was not ripe, nor is it now. As decided in other cases, where an inmate seeks judicial intervention in the RRC placement process before a final placement decision has been made, a habeas petition must be dismissed since the petition is premature and does not present a justiciable case or controversy. *See, e.g.*, *Wilson v. Strada,* Civ. No. 3:11-CV-1690, 2011 WL 6369787 (M.D. Pa. Dec. 16, 2011); *Rosario v. Scism*, Civ. No. 1:10-CV-2600, 2011 WL 444145 (M.D. Pa. Feb. 1, 2011); *Stanko v. Ebbert*, Civ No. 4:09-CV-2180, 2010 WL 1805387 (M.D. Pa. May 5, 2010); *Sass v. Thomas*, Civ. No. 08-300-MA, 2009 WL 2230759 (D. Or. July 23, 2009); *Calloway v. Thomas*, Civ. No. 08-544-MA, 2009 WL 1925225 (D. Or. July 1, 2009); *Griffin v. Holt*, Civ. No. 3:08-CV-1028, 2008 WL 5348138 (M.D. Pa.

Dec. 17, 2008). Moreover, the Third Circuit Court of Appeals has expressly held that an inmate may not bring a habeas challenge to an anticipated Second Chance Act decision prior to final agency action by the BOP. *Stanko v. Obama*, 393 F. App'x 849, 851 (3d Cir. 2010) (finding that because no BOP decision had been made in petitioner's case, any injury based on the application of the Second Chance Act to him was speculative). Therefore, based on this precedent, Petitioner's petition will be dismissed since no final agency action has been taken, and this matter is not yet ripe for resolution by the court.

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus (Doc. 1) will be dismissed. An appropriate order will issue.

s/Sylvia H. Rambo<br>
United States District Judge

Dated: August 18, 2014.